NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

OHAD ASSOCIATES, LLC, a New Jersey Limited Liability Company,

Plaintiff,

v.

TOWNSHIP OF MARLBORO, a municipal Corporation and corporate body, THE MAYOR AND TOWN COUNCIL OF THE TOWNSHIP OF MARLBORO, and TOWNSHIP OF MARLBORO PLANNING BOARD

Defendants.

Civil No. 10-2183 (AET)

**OPINION & ORDER**

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court upon Defendants Township of Marlboro, the Mayor and Town Council of the Township of Marlboro, and Township of Marlboro Planning Board's (collectively, "Defendants") Motion to Dismiss [docket # 18]. Plaintiff Ohad Associates, LLC, opposes the motion [27]. The Court has decided the motion upon the submissions of both parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, Defendants' Motion to Dismiss is granted.

## II. BACKGROUND[1]

Plaintiff is a real estate developer that seeks to build a residential housing development on its 48-acre parcel located in Marlboro Township. In 1985, the Township was subjected to a Consent Judgment requiring affordable housing to be built. (Compl. 12) [1]. The Township subsequently attempted to have its compliance plan certified by the Council on Affordable Housing ("COAH").[2] (*Id.* at 15.) In June 2003, the Township's Planning Board denied Ohad's development application on the ground that it sought too many variances. (*Id.* at 20–21.) The Township again filed with COAH in July 2004 an Affordable Housing Plan for which it requested substantive certification. (*Id.* at 23.) Ohad (and other developers) objected, and what ensued was a series of mediations and settlements that ultimately broke down in late 2009, leading to the filing of the present lawsuit on March 30, 2010. On September 8, 2010, COAH issued an opinion dismissing the Township from its jurisdiction. (McCloskey Certification II Ex. A, at 24) [27-2].[3]

Plaintiff initially alleged state law claims based on the *Mt. Laurel* doctrine and promissory estoppel, and federal claims under 42 U.S.C. § 1983 based on the Rough Proportionality doctrine (Count III), the Due Process Clause of the Fifth and Fourteenth Amendments (Count IV), the Equal Protection Clause of the Fourteenth Amendment (Count V), and the Takings Clause of the Fifth Amendment (Count VI) [1-1]. Defendants removed this case

---

[1] The Court assumes the parties' familiarity with the underlying facts of this dispute. A fuller recitation of the background of this case may be found in our Order on Plaintiff's Motion to Remand issued on August 23, 2010 [24].

[2] COAH was created by the New Jersey legislature's 1985 Fair Housing Act, which established regulations to ensure that each municipality meets its affordable housing obligations. These obligations originated under *Southern Burlington County N.A.A.C.P. v. Mount Laurel Township ("Mount Laurel I")*, 67 N.J. 151 (1975), which interpreted the New Jersey Constitution to prohibit zoning ordinances excluding low and middle-income housing, and *Southern Burlington County N.A.A.C.P. v. Mount Laurel Township ("Mount Laurel II")*, 92 N.J. 158 (1983), which designated specialized judges, created a "builder's remedy" enabling developers to demand permission to build, and authorized the use of special masters.

[3] Although COAH stayed the effect of its September 8th opinion on September 23, 2010, (Reply Br. Ex. A), the stay was dissolved by the New Jersey Appellate Division on November 19, 2010. (McCloskey Letter, at 2) [30]. The Township's subsequent appeal of the September 8th COAH opinion has not yet been decided by the Appellate Division, (*id.*), so for the immediate purposes COAH's dismissal remains in effect.

to federal court based on subject-matter jurisdiction over the federal claims [1]. Plaintiff moved to remand back to state court on May 28, 2010 [4]. After opposing that motion, Defendants moved to dismiss Plaintiff's Complaint [16, 17, 18]. We stayed the Motion to Dismiss pending our decision on the Motion to Remand, which we ultimately granted solely with respect to Plaintiff's *Mt. Laurel* and promissory estoppel claims [24]. We now consider Defendants' Motion to Dismiss the remaining counts.

## III. ANALYSIS

### A. Standard of Review on Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), the defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court must accept as true all of a plaintiff's factual allegations, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim that is facially plausible. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Facial plausibility exists where the facts pled allow the court reasonably to infer that "the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 129 S. Ct. at 193). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* (quoting *Iqbal*, 129 S. Ct. at 195).

**B. Ripeness**

Ripeness is a constitutional and prudential doctrine requiring federal courts to abstain from hearing a dispute unless and until there is a "real, substantial controversy between parties" and the dispute is "definite and concrete." *Peachlum v. City of York*, 333 F.3d 429, 433–34 (3d Cir. 2003) (citing *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). Here, the Defendants argue that Plaintiff's Takings, Due Process, and Equal Protection claims fail for lack of ripeness. We agree and therefore grant the Motion to Dismiss.

**1. Takings and Rough Proportionality Claims Are Not Ripe**

Plaintiff's Takings claims[4] must be dismissed because they are not ripe for adjudication. The ripeness of a Takings claim is evaluated using a two-pronged approach set forth by the Supreme Court in *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 186, 194–95 (1985). First, a court must apply the finality rule, which requires that "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Id.* at 186. This finality rule governs only as-applied claims, not facial challenges to ordinances where a plaintiff alleges "that the mere enactment of a regulation" constitutes a taking. *Cnty. Concrete Corp. v. Twp. of Roxbury*, 442 F.3d 159, 164–65 (3d Cir. 2006). Second, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 195. This latter requirement applies regardless of whether the plaintiff's challenge is facial or as-applied. *Id.* at 168.

[4] Our discussion regarding Plaintiff's Takings claims includes the separately-alleged Rough Proportionality claim in Count III because "rough proportionality" is simply a standard used in evaluating unconstitutional exactions claims in the Takings Clause sphere. *See Dolan v. Tigard*, 512 U.S. 374, 391 (1994).

With respect to the first prong, Plaintiff argues that it has properly made a facial challenge, (Opp'n Br. 27), and therefore is not subject to the finality rule. While we are skeptical as to whether Plaintiff does indeed state a facial claim that would allow it to avoid the finality rule,[5] we need not consider this argument at any length because, regardless, Plaintiff has failed to seek just compensation as required by *Williamson*'s second prong. New Jersey's Eminent Domain Act, N.J.S.A. 20:3-1 *et seq.*, provides a mechanism by which a private party may seek just compensation from a public entity for any alleged taking. Plaintiff argues that it has adequately pursued just compensation for its claims in New Jersey courts through the 1985 Consent Judgment, the 2004 Prerogative Writ Action, the 2008 COAH-mediated settlement, the 2009 COAH-mediated settlement, and the immediate Complaint prior to its removal to this Court. (Opp'n Br. 28.) While we recognize Plaintiff's efforts to engage the Defendants in settlements and consent agreements, these efforts do not fall under New Jersey's designated procedure for seeking just compensation. Because Plaintiff has failed to properly seek just compensation, its Takings claim is not ripe for adjudication. Accordingly, Defendants' motion to dismiss the Takings claim (Count VI) must be granted, and we need not proceed to the merits of this claim. Likewise, Defendants' motion to dismiss the Rough Proportionality claim (Count III), which is simply a type of Takings claim, must also be granted.

**2. Substantive Due Process Claim**

The Third Circuit has extended the finality rule under *Williamson*'s first prong to as-applied due process claims. *See Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1292 (3d

[5] Specifically, Plaintiff argues that it makes a "facial challenge to the excessive exactions . . . which are not roughly proportionate to any governmental interest, particularly as applied to an inclusionary development such as Ohad's[.]" (Opp'n Br. 27.) We find it difficult to comprehend how exactions—"land-use *decisions* conditioning approval of development on the dedication of property to public use"—could constitute *facial* violations of the Takings clause. *City of Monterey v. Del Monte Dunes at Monterey*, 526 U.S. 687, 702 (1999) (emphasis added). Even if a facial exactions claim were conceptually possible—perhaps where an exaction is formally demanded through the enactment of an ordinance—Plaintiff does not identify in its Complaint the ordinance it seeks to invalidate.

Cir. 1993). However, such claims need not satisfy the second prong, given that the requirement of just compensation is unique to Takings claims. Accordingly, we must determine whether Plaintiff's Substantive Due Process ("SDP") claim consists of facial or as-applied challenges; if it includes an as-applied challenge, then we must determine whether that challenge satisfies the finality rule.

Even on a liberal reading of the Complaint, we are unable to discern a facial SDP claim. Because Plaintiff also has not highlighted in its Opposition Brief any such claim in Count IV, we do not read the Complaint to state a facial SDP claim. However, Count IV does appear to include an as-applied SDP challenge. Specifically, Count IV states that the Defendants failed to "implement the terms of the 1985 Consent Judgment, its various affordable housing plans, and, in the instance of the Plaintiff, the Underlying 2007 COAH-Mediated Settlement Agreement (as amended) and the Re-Introduced Implementing Ordinance . . . in an arbitrary and capricious fashion, and in bad faith, and, accordingly, their actions, individually, cumulatively, jointly and severally, shock the conscience." (Compl. 96) [1]. The Complaint's reference to the Defendants' implementation of housing plans and ordinances makes clear that this is an as-applied challenge that is therefore subject to the finality rule.

With respect to the finality of the as-applied challenge, the determinative question is whether the Township has reached a final decision regarding the application of zoning ordinances to the Plaintiff's property. As stated in the Complaint, the Township denied Plaintiff's 2004 application because the Plaintiff sought too many variances. (*Id*. at 20.) Clearly, the Township made a final determination when it denied Plaintiff's 2004 application. However,

any challenge to the 2004 decision would be barred by the statute of limitations, given that more than two years[6] have lapsed.

Since the 2004 decision, the parties have entered into settlement agreements, and the Township has sought COAH certification. However, as to the 2007 Mediated Settlement and the Re-Introduced Implementing Ordinance, we cannot conclude that a final determination has been reached, especially considering that the Plaintiff is currently in the process of filing a formal development application for expedited review, pursuant to the 2007 Settlement, (Letter from Thomas McCloskey to Judge Kapalko, Oct. 5, 2010, at 2) [32]. Accordingly, the as-applied SDP claim must be dismissed as unripe, and we need not proceed to the merits of this claim.

**3. Equal Protection Claim**

The Third Circuit has also extended the finality rule under *Williamson*'s first prong to as-applied Equal Protection ("EP") claims. *See Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1292 (3d Cir. 1993). As with SDP claims, EP claims need not satisfy the just compensation requirement under the second prong. Accordingly, we must determine whether the EP claim is facial or as-applied, and, if the latter, whether it satisfies the finality rule.

Construing the Complaint liberally, we are unable to discern a facial EP challenge. Because Plaintiff has not called to our attention any allegations in the Complaint stating a facial EP claim, we can only conclude that there is no such claim. Nonetheless, Count V does include an as-applied EP challenge. Specifically, it states: "There is no rational basis to the Defendant, Township's, consistent failure and/or steadfast refusal to implement the 1985 Consent Judgment

[6] The statute of limitations for a 42 U.S.C. § 1983 claim is dictated by the statute limiting actions for personal injuries in the state where the cause of action accrued. *Cito v. Bridgewater Twp. Police Dep't*., 892 F.2d 23, 25 (3d Cir. 1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). New Jersey law imposes a two-year limitations period for personal injury actions, so the same statute of limitations applies where, as here, the § 1983 claims accrued in New Jersey. *O'Connor v. Newark*, 440 F.3d 125, 126–27 (3d Cir. 2006).

(insofar as it pertains to the Plaintiff's Property), its various affordable housing plans and, in the instance of the Plaintiff, the Underlying 2007 COAH-Mediated Settlement Agreement (as amended) and the Re-Introduced Implementing Ordinance . . . ." (Compl. at 97.) This section appears to state an as-applied challenge that would be subject to the finality rule. However, for the same reasons as stated above regarding the lack of finality of the SDP claim—namely, the pendency of Plaintiff's development application—the EP claim is also not ripe for adjudication. Accordingly, the EP claim is dismissed and we need not proceed to the merits.

**C. Request to Amend the Complaint**

Plaintiff states in its Opposition Brief[7] that it intends to seek leave to supplement and amend the Complaint based on three apparently new developments: (1) COAH's dismissal of the Township of Marlboro from its jurisdiction based on a finding of bad faith; (2) the Marlboro Defendants' assertion of personal animus against the Plaintiff; and (3) the Mayor of Marlboro's publicly stated plans to prohibit the development of affordable housing. (Opp'n Br. 31.) These allegations would not affect our determination that the Plaintiff has failed to seek just compensation through the designated state procedure. Moreover, none of these developments would support a facial SDP claim or a facial EP claim in order to avoid the finality rule. Thus, because the substance of the requested amendment would not affect our conclusion that all claims are unripe, we must deny Plaintiff's request to amend as futile. *See Winer Family Trust v. Queen*, 503 F.3d 319, 330–31 (3d Cir. 2007) (stating that courts may deny leave to amend "on the grounds that amendment would cause undue delay or prejudice, or that amendment would be futile" (internal quotation marks omitted)).

---

[7] Plaintiff has not filed a formal Motion to Amend, nor has it attached proposed amendments to its opposition to the Motion to Dismiss. Regardless, we address this request given that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 28th day of January, 2011,

ORDERED that the Motion to Dismiss [docket # 18] is GRANTED; and it is further

ORDERED that Plaintiff's request to amend [docket # 27] the Complaint is DENIED; and it is further

ORDERED that this case is CLOSED.

***/s/ Anne E. Thompson***
ANNE E. THOMPSON, U.S.D.J.